# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KEVIN PETERSON, | CASE NO. 1:11-cv-01517-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| CORRECTIONAL OFFICER OLMOS, et al., | (Doc. 1) |
| Defendants. | TWENTY-DAY OBJECTION DEADLINE |

Plaintiff Andrew Kevin Peterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 8, 2011. Plaintiff brings this action against Correctional Officers Olmos, Acosta, and Clinerd for violating his constitutional rights during June, July, and August 2011. In his complaint, Plaintiff alleges that while he has filed an appeal, due to the great delays in processing appeals at California Correctional Institution (CCI), he decided to file suit. (Doc. 1, p. 6.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

In this case, Plaintiff elected to file suit because of the general delays in the appeals process at CCI.  However, Plaintiff filed an appeal and he was required to properly exhaust by complying with the deadlines and other critical procedural rules of the appeals process before filing suit. Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006) (quotation marks omitted).  Plaintiff may not do an end run around the exhaustion requirement by filing suit while waiting for his appeal to be resolved.  See Porter, 534 U.S. at 524 ("All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (internal quotation marks and citation omitted).

Because it is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to comply with 42 U.S.C. § 1997e(a).  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 26, 2012**                              /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE